**REFRIGERATED EXPRESS LINES (A/ASIA) PTY., LTD., Petitioner,**

v.

**FEDERAL MARITIME COMMISSION and United States of America, Respondents,**

**Hamburg-Sudamerikanische Dampfschiff-ahrts-Gesellschaft, Eggert & Amsinck, Farrell Lines Incorporated, Associated Container Transportation, Ltd., et al., Australian Meat and Live-Stock Corp., Intervenors.**

No. 80–1436.

United States Court of Appeals, District of Columbia Circuit.

Argued April 13, 1981.

Decided July 7, 1981.

---

140. 57 Comp.Gen. 767, 769 (1978).

Joseph A. Klausner, Washington, D. C., for petitioner.

Carol J. Neustadt, Atty., Washington, D. C., Federal Maritime Commission, with whom Edward G. Gruis, Deputy Gen. Counsel, Federal Maritime Commission, Washington, D. C., was on the brief for respondents. Robert J. Wiggers and Barry Grossman, Attorneys, Dept. of Justice, Washington, D. C., also entered appearances for respondents.

Bryan Jay Yoles, Washington, D. C., with whom James T. Stovall, III, Washington, D. C., was on the brief for intervenor, Australian Meat and Live-Stock Corp.

Edward Aptaker, Washington, D. C., with whom George J. Weiner, Washington, D. C., was on the brief for intervenor, Farrell Lines Inc.

Elkin Turk, Jr., New York City, with whom John R. Mahoney, New York City, was on the brief for intervenors, Associated Container Transportation, Ltd., et al.

Before McGOWAN and WALD, Circuit Judges and MARKEY *, Chief Judge, United States Court of Customs and Patent Appeals.

Opinion for the Court filed by Chief Judge MARKEY.

MARKEY, Chief Judge:

Refrigerated Express Lines (REL) seeks review of an order of the Federal Maritime Commission (FMC) denying REL's petition for issuance of rules or regulations under Section 19(1)(b) of the Merchant Marine Act, 1920 (46 U.S.C. § 876). We dismiss the petition for lack of jurisdiction.

---

* Sitting by designation pursuant to 28 U.S.C. § 293(a).

1. A statutorily created body responsible for the regulation of the Australian meat industry.

2. Section 19(1)(b) provides in pertinent part:
   (1) The [FMC] is authorized and directed in aid of the accomplishment of the purposes of this Act:

## BACKGROUND

REL, an Australian corporation, has since 1969, under various non-United States flags, transported meats in refrigerated vessels between Australia and the United States. From 1969 through 1979, REL operated breakbulk vessels as an approved or "designated" carrier of meats to the United States under Australian law.

On September 30, 1979, the Australian Meat and Livestock Corporation [1] notified REL that its designation would be terminated on December 1, 1979, because "breakbulk carriage of meat is no longer required in this trade" and that thereafter only container service would be authorized.

REL then petitioned the FMC for the issuance of rules or regulations under Section 19(1)(b) of the Merchant Marine Act, 1920,[2] to protect it from what it termed an unfair exclusion from the Australian/U. S. trade. REL urged that its exclusion created a condition unfavorable to shipping in the foreign trade of the United States because:

> Petitioner's exclusion inflicts severe damage not only upon an individual shipping company hitherto prominent in the trade, but also, . . . upon major port and shipper interests, with a consequent burden on American foreign trade because greater shipping costs to Australian exporters are ultimately borne by American importers and consumers.

Finding REL's petition without merit, the FMC issued an order declining to issue rules in aid of REL's vessels. REL then brought this action under 28 U.S.C. §§ 2341 et seq., seeking review of the FMC order.

## OPINION

Pursuant to 28 U.S.C. §§ 2341 et seq., the courts of appeals have jurisdiction to review

---

. . . . .

(b) To make rules and regulations affecting shipping in the foreign trade . . . to adjust or meet general or special conditions unfavorable to shipping in the foreign trade, . . . which arise out of or result from foreign laws, rules, or regulations or from competitive methods or practices employed by owners, operators, agents, or masters of vessels of a foreign country.

only those orders of the FMC issued under 46 U.S.C. Chapter 23 (Shipping Act, 1916) or Chapter 23A (Intercoastal Shipping Act, 1933).[3] Section 19(1)(b) of the Merchant Marine Act, 1920 (46 U.S.C. § 876(1)(b)) is included in 46 U.S.C. Chapter 24 and is a part of neither Chapter 23 nor Chapter 23A. FMC Orders issued under Section 19(1)(b) are therefore not within the review jurisdiction of this court.

## CONCLUSION

Because this court lacks jurisdiction under 28 U.S.C. §§ 2341 et seq., to review orders of the FMC issued under Section 19(1)(b) of the Merchant Marine Act, 1920, REL's petition for review is dismissed.

**3.** 28 U.S.C. § 2342, which provides in pertinent part:

The court of appeals has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of—

. . . . .

(3) such final orders of the Federal Maritime Commission or the Maritime Administration entered under chapters 23 and 23A of title 46 as are subject to judicial review under section 830 of title 46.